UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

MARTIN C. GOLUB,                )
                                )
        Plaintiff,              )
v.                              )   No. 1:09-cv-01064-TWP-TAB
                                )
FEDERAL BUREAU OF               )
    INVESTIGATION, et al.,      )
                                )
        Defendants.             )

**Amended Entry and Order Directing Dismissal of Action**

For the reasons explained in this Entry, the defendants' motion to dismiss must be **granted.**

**I.**

This is an action for mandamus relief brought by Martin Golub ("Golub") against the Federal Bureau of Investigation ("FBI") and certain of its agents.[1]

Golub alleges that the defendants have unlawfully failed to investigate and otherwise take enforcement action against illegal surveillance performed by the United States Secret Service ("USSS"). Mr. Golub asks this court to compel the defendants to do so. Golub specifically requests a spectrum of relief in which the court would direct the FBI in how to carry out its responsibilities and require the FBI to require the USSS to carry out its responsibilities in the manner Golub conceives to be appropriate.

---

[1] Golub's complaint originally raised a number of claims, including claims pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Since then, he has requested dismissal of all of his claims except for that seeking a writ of mandamus compelling the defendants to undertake the investigation and enforcement action he seeks. His motion to dismiss certain portions of his complaint (dkt 41) is **granted** to the extent that the only claim which remains is Golub's claim for a writ of mandamus compelling the defendants to investigate and take other action regarding alleged illegal surveillance.

## II.

### A.

District courts have mandamus jurisdiction to "compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. "Mandamus relief will be granted if the plaintiff can demonstrate that the three enumerated conditions are present: (1) a clear right to the relief sought; (2) that the defendant has a duty to do the act in question; and (3) no other adequate remedy is available." *Iddir v. I.N.S.,* 301 F.3d 492, 499 (7th Cir. 2002) (citing *Scalise v. Thornburgh,* 891 F.2d 640, 648 (7th Cir. 1989)).

### B.

The defendants have appeared by counsel and have filed a motion to dismiss.

Rule 8(a) of the *Federal Rules of Civil Procedure* states that a pleading must set forth a claim for relief which contains a short and plain statement of the claim showing that the pleader is entitled to relief. Rule 12(b)(6) of those same *Rules* authorizes dismissal of complaints that state no actionable claim. In conducting an appropriate analysis for this purpose,

> [a]ll well-pleaded facts are accepted as true, and all reasonable inferences are drawn in the plaintiff's favor. [*Tamayo v. Blagojevich,* 526 F.3d 1074, 1081 (7th Cir. 2008)]. The allegations in the complaint "must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'; if they do not, the plaintiff pleads itself out of court." *EEOC v. Concentra Health Servs., Inc.,* 496 F.3d 773, 776 (7th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 127 S. Ct. 1955, 1965, 1973 n.14, 167 L.Ed.2d 929 (2007)).

*Hale v. Victor Chu,* 2010 WL 3075619, *2 (7th Cir. 2010). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009). Conversely, "a plaintiff can plead himself out of court by alleging facts that show there is no viable claim." *Pugh v. Tribune Co.*, 521 F.3d 686, 699 (7th. Cir. 2008).[2]

## III.

Mandamus may be used to compel a specific duty or act, but may not be used where the order would interfere with the exercise of a discretionary act.

---

[2]The court **rejects** the defendants' lack of jurisdiction argument based on the doctrine of substantiality and their *res judicata* defense. The abandonment of any claim based on *Bivens* makes it unnecessary to discuss the defendants' qualified immunity argument.

> [T]he Judicial Department of the Government cannot, by the writ of mandamus, control the Executive Department, but may constrain the individual who is charged with a duty therein to proceed with its performance, in case he neglects or refuses to act. . . . [T}he writ of mandamus . . . is a proceeding against the individual as a person in default, its object being to require him to perform an official duty imposed upon him by law. If the duty in question involves the exercise of discretion as to how he shall act or decide, he cannot be required by this writ to do anything more than to go on with his discretionary work and to decide.

*U.S. ex rel. Redfield v. Windom* 1890 WL 11337, 5 (D.C.D.C. 1890)(citing cases). In the same vein:

> courts will not issue a mandamus or other order to control the action of an executive or administrative officer in the discharge of statutory duties involving the exercise of judgment or discretion, unless the attempted performance of the duty amounts to an abuse of discretion. * * * '(An order) will lie to compel officers with discretionary duties to take action, but it will not interfere with the exercise of their discretion unless their action is illegal, or is an arbitrary or capricious abuse of such discretion.'

*Sleeth v. Dairy Prods. Co.,* 228 F.2d 165, at 167-168 (4th Cir. 1955).

Golub's claim is focused on what the FBI should be doing and how it should be done. The claim does not rest on any duty owed by the FBI to him. The kind of agency action that Golub challenges here, the failure to investigate or take enforcement action against certain alleged illegal activities, is a decision generally committed to an agency's absolute discretion. *See Heckler v. Chaney*, 470 U.S. 821, 831 (1985) (citations omitted). Because it is discretionary, an agency decision not to investigate or enforce is not suitable for judicial review. *Id.*

> The reasons for this general unsuitability are many. First, an agency decision not to enforce often involves a complicated balancing of a number of factors which are peculiarly within its expertise. Thus, the agency must not only assess whether a violation has occurred, but whether agency resources are best spent on this violation or another, whether the agency is likely to succeed if it acts, whether the particular enforcement action requested best fits the agency's overall policies, and, indeed, whether the agency has enough resources to undertake the action at all. An agency generally cannot act against each technical violation of the statute it is charged with enforcing. The agency is far better equipped than the courts to deal with the many variables involved in the proper ordering of its priorities. Similar concerns animate the principles of administrative law that courts generally will defer to an agency's construction of the statute it is charged with implementing, and to the procedures it adopts for implementing that statute.

*Id.,* 470 U.S. at 831-32 (citations omitted). The foregoing underlies not just administrative action, but law enforcement decisions as well. "Authority to initiate a criminal complaint rests exclusively with state and federal prosecutors." *Sahagian v. Dickey,* 646 F.Supp. 1502, 1506 (W.D.Wis.1986). Thus, Golub mistakenly seeks to invoke judicial authority which does not exist. "[T]he Executive Branch has exclusive authority and absolute discretion to decide whether to prosecute a case." *United States v. Nixon,* 418 U.S. 683, 693 (1974).

Additionally, Golub cannot compel the Executive Branch to commence or pursue the prosecution he seeks. *See Town of Castle Rock v. Gonzales*, 545 U.S. 748, 768-69 (2005) (the victim of crime has no due process interest in investigation or prosecution of the crime); *Linda R.S. v. Richard D.,* 410 U.S. 614, 619 (1973) (holding that "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another"); *Collins v. Palczewski,* 841 F.Supp. 333, 340 (D.Nev.1993) ("Long ago the courts of these United States established that 'criminal statutes cannot be enforced by civil actions.'").

"The remedy of mandamus is a drastic one, to be invoked only in extraordinary situations." *Kerr v. U.S. Dist. Ct.,* 426 U.S. 394, 402 (1976). The granting of mandamus relief requires, *inter alia,* a showing of a clear right to the relief sought and that the defendant has a duty to do the act in question. Golub's allegations do not support a plausible suggestion that the FBI did not owe him a "clear, non-discretionary" duty to do any of the things he seeks. Because Golub's allegations fail entirely to identify a relationship and circumstances under which mandamus relief could be granted, his complaint fails to state a facially plausible claim for mandamus relief. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009)("A claim has facial plausibility when the plaintiff pleads factual that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

Golub cannot rescue his claim by interjecting the Administrative Procedures Act, 5 U.S.C. § 702 ("APA"), as a means of evading the defendants' argument regarding sovereign immunity. The APA provides that "[a] person suffering legal wrong because of agency action . . . within the meaning of a relevant statute, is entitled to judicial review thereof." 5 U.S.C. § 702. "Agency action" encompasses a "failure to act" for purposes of judicial review. *Id.* § 551(13). "A 'failure to act' is not the same thing as a 'denial.' The latter is the agency's act of saying no to a request; the former is simply the omission of an action without formally rejecting a request . . . ." *Norton v. S. Utah Wilderness Alliance,* 542 U.S. 55, 63 (2004). The APA further authorizes the court to "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1). However, consistent with underlying separation of powers considerations, "a claim under [section] 706(1) can proceed only where a plaintiff asserts that an agency failed to take a discrete agency action that it is *required to take.*" *S. Utah Wilderness Alliance,* 542 U.S. at 64 (emphasis in original). As noted above, Golub fails to identify action which the FBI or its agents are required to take. Accordingly, Golub's request to amend his complaint to add a claim pursuant to the APA via a supplemental complaint (dkt 39) is **denied.** *Perkins v. Silverstein*, 939 F.2d 463, 472 (7th Cir. 1991) ("To hold otherwise would impose upon the defendants and the courts the arduous task of responding to an obviously futile gesture on the part of the plaintiffs.").

## IV.

This court does not have the authority to grant Golub the relief he seeks, an order compelling the defendants to take investigative or enforcement actions. If the complaint fails to support a finding that a writ of mandamus is appropriate, dismissal of the claim is proper. *Ahmed v. Department of Homeland Sec.,* 328 F.3d 383, 387 (7th Cir. 2003). Accordingly, the defendants' motion to dismiss (dkt 33) is **granted**. The judgment entered on August 27, 2010 shall remain in effect.

**IT IS SO ORDERED.**

Date: 08/31/2010

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

Martin C. Golub
8275 Craig Street, #140
Indianapolis, IN 46250

Jill Z. Julian
jill.julian@usdoj.gov

William Lance McCoskey
william.mccoskey@usdoj.gov